IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEILA PETERSON,

    Plaintiff,

        v.

VENTURE EXPRESS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-4442-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Plaintiff's Motion to Remand [Doc. 11], which is DENIED.

## I.  Background

This case arises from alleged injuries that the Plaintiff Sheila Peterson sustained during a car accident in March 2022, when a truck driven by the Defendant Kevin Bell collided with her car. (Compl. ¶¶ 32–36). The Defendant Venture Express, Inc. employed Bell and owned the truck that he was driving. (*Id.* ¶¶ 38, 65). The Defendant Arch Insurance Company insures Venture Express. (*Id.* ¶ 49). The Plaintiff originally filed suit in Fulton County State Court on August 17, 2023, and the Defendants removed the case to this Court on September 29, 2023. The Plaintiff now moves to remand the case to Fulton County State Court.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction and may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked under 28 U.S.C. 1332(a) where complete diversity exists among the parties and the amount in controversy exceeds $75,000. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

## III.   Discussion

The Plaintiff moves to remand this case to state court, arguing that the amount in controversy does not exceed $75,000 and thus that the Court lacks subject matter jurisdiction. (Br. in Supp. of Pl.'s Mot. to Remand, at 3). She claims that her pre-suit demands of $500,000 on December 28, 2022, and $400,000 on March 2, 2023, were puffery and are insufficient to establish

$75,000 in controversy, with only $30,050 in medical expenses in addition to unspecified general and special damages. (*Id.* at 4–5).

In response, the Defendants argue that the pre-suit demands well in excess of $75,000 are sufficient to establish jurisdiction. (Def.'s Resp. Br. Opp'n to Pl.'s Mot. to Remand, at 2). They note that the Plaintiff agreed in the joint preliminary report and discovery plan that the Court retained jurisdiction over the case. (*Id.* at 2–3). And they note that the Plaintiff refused to stipulate that she was seeking less than $75,000 when they offered to consent to a remand. (*Id.* at 3). The Defendants contend that the $30,050 in medical expenses along with the claims for future medical expenses, pain and suffering, and punitive damages show that the amount in controversy is met by a preponderance of the evidence. (*Id.* at 5).

In reply, the Plaintiff notes that the Court's subject matter jurisdiction is not waivable and that her failure to stipulate to damages being below the jurisdictional threshold does not satisfy the Defendants' burden on the amount in controversy. (Reply Br. in Supp. of Pl.'s Mot. to Remand, at 3–4). She also contends that the $30,050 in medical bills and general future damages, punitive damages, and attorneys' fees do not establish that the amount in controversy exceeds $75,000. (*Id.* at 5–7).

Upon removal, a "defendant establishes jurisdiction through the initial complaint, facts contained in the notice of removal, and any 'other paper'

received from the plaintiff offered into evidence." *Adeniji v. Berkshire Hathaway Homestate Ins. Co.*, 2017 WL 10410660, at *2 (N.D. Ga. Sept. 26, 2017) (quoting 28 U.S.C. § 1446(b)). The Eleventh Circuit has interpreted "other paper" to include settlement offers and demand letters. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007). The Court agrees that the $400,000.00 settlement demand along with the $30,050 in medical expenses and the claims for future medical expenses, pain and suffering, and punitive damages show that the amount in controversy is met by a preponderance of the evidence. The conclusory statement by the Plaintiff that her settlement demand was mere puffery is not persuasive and is entitled to no weight.

## IV.   Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand [Doc. 11] is DENIED.

SO ORDERED, this _____2nd_____ day of February, 2024.


THOMAS W. THRASH, JR.
United States District Judge

4